Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it appears by the interlocutory decree of the 6th November 1841, the commissioners thereby appointed were directed to divide the dower slaves and allot the same to the parties respectively entitled, and to deliver over to the parties respectively the shares so allotted to them, except the share allotted to Frances Whiting, which the commissioners were to hire out; and the said commissioners having, in pursuance of such decree, divided said slaves, and the parties having drawn their shares respectively by lot, the same were delivered to them, and thereafter each exercised exclusive ownership over the share so allotted to each respectively; and no objection appearing to have been alleged against the fairness of the division when made, either at the time of the division or afterwards, under the circumstances so appearing, each party would have been entitled to the benefit of any increase in the value of his allotment from the time of such division and taking exclusive possession; and is also bound to bear the loss occasioned by the death of any one of the slaves thereafter, though at the time of such increase in value or loss, the report may not have been formally confirmed. The Court is therefore of opinion there was no error in overruling the exception on account of the death of the slave Mary, or in overruling the motion for a continuance to enable the party to take further evidence touching the time of her death.
The Court is further of opinion, that the £ 500. directed by the testator Gustavus B. Homer to be *110 charged against his daughter'Frances Whiting, as' having been advanced to her on her marriage, was a charge against her portion of the real and personal estate, to be distributed according to the will of the testator amongst his children. That it appears from the report of commissioner Knox, filed on the 4th of April 1840, that the appellant Thomas L. Moore, in his own; right and as alienee of George B. Whiting and wife, and assignee of said George B. Whiting, received at the first distribution of said estate the whole of Mrs. Whiting’s iuterest in the real estate, slaves and perishable property then divided and distributed, abated and diminished by the £ 500. charged as an advancement in the will, whereby the whole amount of said £ 500. was charged on the portion of Mrs. Whiting in said estate then assigned to and received by said Moore as alienee and assignee, whereby the reversion in the dower lands and slaves was wholly freed from any charge on account of said £ 500.; an arrangement calculated to promote the convenience of all concerned, if, as was then supposed, the assignment had operated to pass the interest of the said Frances Whiting in the rev version of the dower slaves. But in the contingency which has happened, of her surviving her husband, who died before the life-tenant, and becoming by such survivorship entitled to take her interest in such dower slaves on the death of the tenant for life, she should1 take them charged with a rateable portion of said £ 500.; otherwise the whole amount of the charge would be thrown upon the assignee and alienee of a portion of the estate, instead of being, what by the, will it was intended to be, a charge on the whole of her portion. And the appellant, by allowing the whole, abatement to be made from the share received by him at the first division and distribution, has, in the contingency which has happened, paid out and advanced so much as would have been the rateable proportion *111 chargeable on the interest of said Prances Whiting in the dower slaves; and to that extent has a right to charge said interest. In ascertaining the amount so chargeable the appellant should be debited with the whole value of Mrs. Whiting’s interest in the land at the time of the first division, and in the slaves and perishable estate; also the value of her interest in the dower land at the death of the widow; and Mrs. Whiting should be debited with the value of her interest in the dower slaves at the widow’s death. And the amounts being so ascertained, the £ 500. should be charged rateably on each; and for the amount so chargeable to Mrs. Whiting on account of her interest in the dower slaves, the appellant will be entitled to a credit against her or a decree, as on an adjustment of the accounts between them may be proper. The Court is therefore of opinion, that the interlocutory and final decrees, so far as they conflict with the principles aforesaid, are erroneous; but that in all other respects the same be affirmed. The said decrees are therefore reversed, with costs against Prances Whiting, and are remauded, in order to be corrected in the particular hereinbefore declared to be erroneous as between the appellant and said Prances Whiting, and to be further proceeded in in order to a final decree.